**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 24 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LARRY HOWELL,

     Petitioner - Appellant,

v.

STEVE KAISER; THE ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

     Respondents - Appellees.

No. 01-7033
(D.C. No. 99-CV-85-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

---

Larry Howell, an inmate appearing pro se, seeks a certificate of

appealability ("COA") allowing him to appeal the district court's denial of his

habeas petition pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to

28 U.S.C. §§ 1291 and 2253(a). Because Mr. Howell has failed to make a

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

"substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we dismiss the appeal.

Mr. Howell was convicted of (1) feloniously carrying a firearm after former conviction of felony, (2) feloniously pointing a firearm after former conviction of a felony,[1] (3) possession of marijuana after former conviction of a felony, (4) and resisting an officer. He was sentenced to serve consecutive sentences of 15 years, 20 years, and 10 years for the first three counts, respectively. As to the fourth count, Mr. Howell was sentenced to one year to be served concurrently with the first count and assessed a $1,000 fine. Doc. 9, Ex. A. His conviction and sentence were affirmed on direct appeal except the fine was reduced to $500.00 because the trial court misinstructed the jury as to the maximum fine. Doc 9, Ex. E at 2. Mr. Howell unsuccessfully sought post-conviction relief in state district court and filed an untimely appeal to the Court of Criminal Appeals.[2] Aplt. Br. at

---

[1] Although Mr. Howell and the various courts involved in his appeal have described the second count as feloniously pointing a firearm after former conviction of felony, Doc. 2 at 1, Doc. 9 , Ex. E, Doc. 12 at 1, the Judgment and Sentence entered by the trial court and the jury instructions given at the trial both indicate that Mr. Howell was convicted of violating Okla. Stat. tit. 21, § 1289.16 (1996) which makes pointing a firearm at any person under certain conditions a felony but does not include conviction of a prior felony as an element of the offense. Doc. 9, Ex. A, Aplt. App. at 114. The only role his former felony played in relation to the conviction for pointing a firearm was to enhance the sentence.

[2] The record is not consistent on this issue. In his brief to this court, Mr. Howell states that he unsuccessfully sought post-conviction relief in the District Court of McIntosh County and filed an untimely appeal from the district court to the Court of Criminal Appeals of the State of Oklahoma. Aplt. Br. at 4. In his

4.

In his petition to the federal district court for a writ of habeas corpus, Mr. Howell raised two issues: sentencing him for both feloniously carrying a firearm after conviction of a felony and feloniously pointing a firearm after conviction of a felony, which were based on a single incident, violated his state statutory protection against double punishment pursuant to Okla. Stat. tit. 21, § 11(A); and the trial court misinstructed the jury on the range of punishment for count four - resisting an officer. In his appeal to this court, Mr. Howell again raises the issue of (1) double punishment pursuant to Oklahoma law and (2) the misinstruction by the trial court on the range of punishment for count four and also raises a number of additional issues including: (3) his appeal to the state criminal court of appeals should not have been dismissed as untimely because he was denied adequate access to legal materials, Aplt. Br. at 4; (4) his conviction for both possessing and pointing a firearm after conviction of a felony violated the double jeopardy clause of the Fifth Amendment, Aplt. Br. at 8-9; (5) the trial court gave six additional erroneous instructions to the jury, id. at 9; (6) the trial court failed to give a limiting instruction, id.; (7) the jury instructions taken as a whole resulted in plain error, id. at 9; and (8) his federal and state rights were violated by the District

---

petition for a writ of habeas corpus to the United States District Court for the Eastern Division of Oklahoma, Mr. Howell marked that he had not filed any post-conviction proceedings. Doc. 2 at 2.

Attorney's opening statement, id. at 10.

Only those issues raised by Mr. Howell in the district court are preserved for our review. Although we construe Mr. Howell's pleadings liberally because he is a pro se litigant, he, like other litigants, is still required to preserve issues for appeal by raising them below. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Mr. Howell has not articulated a reason for us to depart from the general rule that "a federal appellate court does not consider an issue not passed upon below." In re Walker, 959 F.2d 894, 896 (10th Cir. 1992). Therefore, we will only address the two issues before the federal district court.

As to Mr. Howell's claim that his conviction for both possessing and pointing a firearm after former conviction of felony violates Oklahoma law against double punishment, we agree with the magistrate judge and the district court that this issue is a matter of state law which is not cognizable in a federal habeas action. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Romano v. Gibson, 239 F.3d 1156, 1166 (10th Cir. 2001).

As to the misinstruction on the maximum fine under count four, the magistrate judge and the district court properly concluded that any possible

prejudice was cured by the modification of the fine by the Criminal Court of Appeals. The district court also concluded quite correctly that the erroneous instruction did not deny Mr. Howell a fair trial. In his brief to this court, Mr. Howell asserts that rather than applying the denial of a fair trial standard, the district court should have conducted a plain error review of the jury instructions. Aplt. Br. at 9. Mr. Howell is incorrect. First, plain error review is appropriate on direct appeal, not on federal habeas corpus. United States v. Frady, 456 U.S. 152, 166 (1982). Second, it is well established that the burden of showing that an erroneous jury instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is heavier than the showing required to establish plain error on direct review. Henderson v. Kibbe, 431 U.S. 145, 154 (1977); Foster v. Ward, 182 F.3d 1177, 1193 (10th Cir. 1999); Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995). We find that the magistrate judge and district court applied the correct standard.

We DENY Mr. Howell's request for a COA and DISMISS this appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

- 5 -